IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAABAN SHAABAN HAFED, #A-073353789, | § § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:20-cv-1248-N-BN |
| US IMMIGRATION AND CUSTOMS ENFORCEMENT, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Shaaban Shaaban Hafed, detained at ICE's Prairieland Detention Center, pending his removal from the United States, filed a *pro se* 28 U.S.C. § 2241 petition (dated May 6, 2020), primarily requesting that he be released on bond considering the COVID-19 pandemic. *See* Dkt. No. 3.

The Court referred this resulting action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Hafed's petition was served on the United States Attorney for this district. As ordered, *see* Dkt. No. 4, that office file an expedited response, *see* Dkt. Nos. 7 & 8. And Hafed has replied. *See* Dkt. Nos. 9, 10, & 13.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the petition without prejudice for lack of subject matter jurisdiction.

## Legal Standards and Analysis

While Hafed asserts that he should be released because his continued detention during the ongoing pandemic violates his Fifth Amendment right to substantive due process, *see* Dkt. No. 3 at 6 [Ground 2], he also appears to challenge the legal authority to detain him:

> I did not violate any supervision release which granted on 3/8/2018, I had GPS around my ankle for 2 years, I arrested by Greenfield Police, Indiana on 3/4/2020 on invasion privacy misdemeanor charge which dismissed on 4/20/2020 as mistake and false charge, but ICE detained me prematurely on 3/6/2020 after I released on bail on 3/5/2020. ICE till now keeping me unlawfully detained, no travel Lebanese Doc. till now …. My arrest by ICE was premature and I did not commit any crime as supervision release required, misdemeanor case which I arrested because of it dismissed as no crime committed and was mistake, so keep me detained is very danger to me as old sick man while Coronavirus spreading in the det. center where I housing and no legal reason to keep me detained and no travel document to Lebanon issued till now so deportation cannot be done now, remove me to Russia on my identical twin brother Russian passport put me in danger and prosecution.

*Id.* [Ground 1].

Related to this first ground for relief, the government explains that

> Hafed is a native and citizen of Lebanon. [Dkt. No. 8 ("App.")] 057.) His status was adjusted to a lawful permanent resident on December 4, 1994, and he became a naturalized citizen in 2000. (*Id.*) But after a jury trial in the Southern District of Indiana, Hafed was found guilty of the following federal crimes in 2006: Conspiracy to Commit an Offense against the United States Acting as a Foreign Agent Without Notification to the Attorney General; Violation of the International Emergency Powers Act; Unlawful Procurement of an Identification Document; Unlawful Procurement of Naturalization; and Witness Tampering. (App. 028.) Hafed was sentenced to 160 months imprisonment. (App. 029.) The superseding indictment indicates that between 2002 and 2004, Hafed worked as an unofficial intelligence agent of the Iraqi government. (App. 005 ¶ 28; 12-13.) Hafed also offered to sell the Iraqi government a list of names of United States intelligence

> agents working in Iraq. (*Id.*)
>     Hafed was served a Notice to Appear charging him with removability pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (8 U.S.C. § 1227) in October 2016. (App. 057.) An order or removal was entered on February 16, 2017, and the order became final on November 30, 2017, when affirmed by the Board of Immigration Appeals (BIA). (App. 059.) Hafed was released on an Order of Supervision on March 8, 2018, because ERO was unable to execute the order of removal. (App. 061.)
>     On March 6, 2020, Hafed was taken back into ICE custody following an arrest by state authorities in Indiana. (App. 005 ¶ 31.) On April 24, 2020, the state dismissed those charges without prejudice. At this time, Hafed remains in ICE custody. Hafed has a final order of removal and ICE is working to execute the order, which it believes it can do in the near future. (App. 005 ¶ 32.)

Dkt. No. 7 at 11-12.

To the extent that Hafed's habeas petition can be read as a challenge to the legality of his current pre-removal custody – based on the facts alleged (or the lack of factual content) – this challenge is to the March 2020 decision to revoke his supervision order itself, not any process underlying that decision. *See* Dkt. No. 3 at 6 ("My arrest by ICE was premature and I did not commit any crime as supervision release required, misdemeanor case which I arrested because of it dismissed as no crime committed and was mistake."). But, "[u]nder [8 U.S.C.] § 1252(a)(2)(B)(ii), this Court has no jurisdiction to review [a] discretionary decision" that results in the "denial of parole." *Maldonado v. Macias*, 150 F. Supp. 3d 788, 794-95 (W.D. Tex. 2015) (collecting cases); *see Palacios v. Dep't of Homeland Sec.*, 434 F. Supp. 3d 500, 508 (S.D. Tex. 2020) ("The [United States Court of Appeals for the] Fifth Circuit held that Congress 'has denied ... district court[s] jurisdiction to adjudicate deprivations of ... statutory and constitutional rights to parole.'" (quoting *Loa-Herrera v. Trominski*,

231 F.3d 984, 990-91 (5th Cir. 2000) (citing, in turn, 8 U.S.C. § 1182(d)(5)(A))); citation omitted))[1]; *cf. Nielsen v. Preap*, 139 S. Ct. 954, 962 (2019) ("As we have held, [8 U.S.C. § 1226(e), limiting federal court review of discretionary decisions,] applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases. It does not block lawsuits over 'the extent of the Government's detention authority under the "statutory framework" as a whole.'" (quoting *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018) (quoting, in turn, *Demore v. Kim*, 538 U.S. 510, 517 (2003)))).

The Court therefore lacks subject matter jurisdiction to consider this ground for relief.

Turning to the first ground for relief, under this ground, Hafed does not challenge the legal authority under which he is detained. That is, he does not challenge "the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Hafed instead challenges the legality of the conditions under which he is detained.

But, as several judges of this Court have recently recognized, even considering

---

[1] *See also Mohsenzadeh v. Kelly*, 276 F. Supp. 3d 1007, 1012 (S.D. Cal. 2017) ("After the denial of his adjustment of status application, Hassan's advance parole was revoked. He argued that the revocation was not discretionary because 'no statute or regulation authorizes revocation.' The court concluded the revocation was discretionary because it 'inevitably followed from DHS's discretionary decision to deny adjustment of status.' That decision, in turn, was made pursuant to 8 U.S.C. § 1182(d)(5)(A), which grants discretion to revoke advance parole when it no longer serves its purpose. Although no statute explicitly granted the authority and discretion to revoke advance parole upon denial of adjustment of status, the authority and discretion were inherent in the broader grant provided in § 1182(d)(5)(A)." (discussing *Hassan v. Chertoff*, 593 F.3d 785, 789-90 (9th Cir. 2010); citations omitted)).

the exigencies caused by the COVID-19 pandemic, conditions of confinement claims are "not cognizable under Section 2241." *Cureno Hernandez v. Mora*, ___ F. Supp. 3d ____, No. 1:20-cv-104-H, 2020 WL 3246753, at *1 (N.D. Tex. June 15, 2020); *Umarbaev v. Moore*, No. 3:20-cv-1279, 2020 WL 3051448, at *5 (N.D. Tex., Jun. 6, 2020) ("In sum, aside from conditions of confinement alleged to be unconstitutional that, if proved to be true, will result in accelerated release, 'habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.'" (quoting *Pierre*, 525 F.3d at 935-36)); *Sanchez v. Brown*, No. 3:20-cv-832-E, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020) ("[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. An inmate is not entitled to relief in a habeas corpus petition based on civil rights claims related to the conditions of his confinement. Plaintiffs do not challenge the cause of their detention or contend that they are being held for an improper duration. They seek release due to the conditions at the jail caused by COVID-19. The Court concludes it lacks jurisdiction over Plaintiffs' habeas action." (citations omitted)).

> Fifth Circuit precedent provides that unconstitutional conditions of confinement – even conditions that create a risk of serious physical injury, illness, or death – do not warrant release. Even allegations of mistreatment that amount to cruel and unusual punishment do not nullify an otherwise lawful incarceration or detention. Rather, the proper remedy for unconstitutional conditions of confinement should be equitable – to enjoin the unlawful practices that make the conditions intolerable. Thus, "allegations that challenge the fact or duration of

> confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."
>
> A demand for release does not convert a conditions-of-confinement claim into a proper habeas request. In sum, it is well established in this circuit that a detainee is not entitled to habeas relief if he raises civil-rights claims related to the conditions of his confinement.

*Cureno Hernandez*, 2020 WL 3246753, at *4 (citations omitted); *see also, e.g., Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (per curiam) ("Lineberry has not provided any authority for his argument that he is entitled to be released because he has allegedly been subjected to cruel and unusual punishment. His challenges to the conditions of confinement, even if proved to be true, will not result in his accelerated release. The proper remedy is to require the discontinuance of a practice or to require the correction of an unconstitutional condition. The district court correctly dismissed these claims without prejudice based on a determination that Lineberry must seek such remedies in a civil rights action." (citations omitted)).

The Court therefore also lacks subject matter jurisdiction over this ground for relief. *See, e.g., Cureno Hernandez*, 2020 WL 3246753, at *6 ("[T]his Court, like most district courts to consider the issue, will follow the bright-line rule established by decades of Fifth Circuit precedent that conditions-of-confinement claims are not the proper subject matter for a writ of habeas corpus.").

**Recommendation**

The Court should dismiss Petitioner Shaaban Shaaban Hafed's 28 U.S.C. § 2241 petition without prejudice for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 30, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE